## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Brenda Locklear <br> <u>Debtor</u> | CHAPTER 13 |
| M&T Bank, successor by merger to Keystone National Bank, N.A., trading as Keystone Financial Mortgage <br> <u>Movant</u> <br> vs. | NO. 15-18336 JKF |
| Brenda Locklear <br> <u>Debtor</u> | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire <br> <u>Trustee</u> | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,798.05,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2019 to September 2019 at $468.80/month |
| Suspense Balance: | $45.75 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$3,798.05** |

2.      The Debtor(s) shall cure said arrearages in the following manner;

a).  Within seven (7) days of the Court approving this Stipulation, the Debtor shall make a down payment in the amount of **$1,406.40**;

b). Beginning on October 1, 2019 and continuing through March 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$468.80** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$398.61 from October 2019 to February 2020 and $398.60 for March 2020**  towards the arrearages on or before the last day of each month at the address below;

M&T BANK
P.O. BOX 62182
BALTIMORE, MD 21264-2182

c).      Maintenance of current monthly mortgage payments to the Movant

thereafter.

3.      Should debtor(s) provide sufficient proof of payments (front & back copies of

cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account

accordingly.

4.      In the event the payments under Section 2 above are not tendered pursuant to the

terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in

writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.

If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a

Certification of Default with the Court and the Court shall enter an Order granting the Movant relief

from the automatic stay.

5.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default

with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this

agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by the Movant of its

right to seek reimbursement of any amounts not included in this stipulation, including fees and costs,

due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:    September 24, 2019                    By: */s/ Kevin G. McDonald, Esquire*
                                                 Attorney for Movant



Date:  *October 8, 2019*                      */s/ Stephen Matthew Dunne, Esquire*
                                               Stephen Matthew Dunne, Esquire
                                               Attorney for Debtor

Date: _October 8, 2019_                     /s/ Polly A. Langdon, Esquire, for

                                            Scott F. Waterman, Esquire
                                            Chapter 13 Trustee

Approved by the Court this  9th  day of  October  , 2019.  However, the court
retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. FitzSimon