United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Brenda Locklear  
     Debtor

Case No. 15-18336-jkf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: TashaD    Page 1 of 1    Date Rcvd: Oct 09, 2019  
                    Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 11, 2019.  
db         +Brenda Locklear,    1026 Ash Road,    Sharon Hill, PA 19079-1801

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 11, 2019                                                                Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 9, 2019 at the address(es) listed below:

        DENISE ELIZABETH CARLON    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com  
        JAY S. LOWENTHAL    on behalf of Plaintiff Brenda   Locklear jay@lowenthal-law.com,  
         route295@gmail.com  
        JOSHUA ISAAC GOLDMAN    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com,  
         bkgroup@kmllawgroup.com  
        KEVIN G. MCDONALD    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com  
        MATTEO SAMUEL WEINER    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com  
        POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com,  
         ecf_frpa@trustee13.com  
        REBECCA ANN SOLARZ    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com  
        SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com,    ecf_frpa@trustee13.com  
        STEPHEN MATTHEW DUNNE    on behalf of Debtor Brenda   Locklear bestcasestephen@gmail.com,  
         dunnesr74587@notify.bestcase.com  
        THOMAS I. PULEO    on behalf of Creditor    M&T Bank tpuleo@kmllawgroup.com,  
         bkgroup@kmllawgroup.com  
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
                                                                                       TOTAL: 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Brenda Locklear <u>Debtor</u> | CHAPTER 13 |
| M&T Bank, successor by merger to Keystone National Bank, N.A., trading as Keystone Financial Mortgage <u>Movant</u><br>vs. | NO. 15-18336 JKF |
| Brenda Locklear <u>Debtor</u> | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire <u>Trustee</u> | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,798.05,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2019 to September 2019 at $468.80/month |
| Suspense Balance: | $45.75 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$3,798.05** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Within seven (7) days of the Court approving this Stipulation, the Debtor shall make a down payment in the amount of **$1,406.40**;

b). Beginning on October 1, 2019 and continuing through March 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$468.80** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$398.61 from October 2019 to February 2020 and $398.60 for March 2020** towards the arrearages on or before the last day of each month at the address below;

M&T BANK
P.O. BOX 62182
BALTIMORE, MD 21264-2182

   c). Maintenance of current monthly mortgage payments to the Movant thereafter.

 3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

 4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

 5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

 6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

 7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

 8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

 9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 24, 2019   By: */s/ Kevin G. McDonald, Esquire*
                Attorney for Movant

Date: October 8, 2019     */s/ Stephen Matthew Dunne, Esquire*
                Stephen Matthew Dunne, Esquire
                Attorney for Debtor

Date: *October 8, 2019*                              /s/ Polly A. Langdon, Esquire, for
                                                     Scott F. Waterman, Esquire
                                                     Chapter 13 Trustee

Approved by the Court this __9th__ day of __October_____, 2019.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. FitzSimon